## Wolfe *against* Nesbit.

Upon a judgment on a recognizance to obtain a stay of execution, the defendant is entitled to a stay of execution.

ERROR to the District Court of *Allegheny* county.

Wolfe & Boswell obtained a judgment upon a recognizance entered into by Nesbit to entitle a defendant in a judgment to a stay of execution.   And the question was, whether Nesbit was entitled to a stay upon the judgment against him.

GRIER, President.—This court has repeatedly decided that a defendant in a judgment upon a recognizance for a stay of execution is entitled to the same stay which the statute gives to any defendant in a judgment founded upon contract; and we now reduce that opinion to writing, that the party may have an opportunity to have it reviewed, if he thinks the correctness of it admits of doubt.

*M'Candless* and *Hamilton*, for plaintiff in error, referred to the Act of the 16th of June 1836, and contended that a recognizance was not a contract within the spirit of the law.   3 *Burr.* 1545.

*Woods, contra*, argued that a recognizance was a contract in every sense of the word; and that the exceptions mentioned in

[Wolfe v. Nesbit.]

the Act showed clearly the sense of the legislature, that a defendant in a case like this was entitled to a stay of execution.

The opinion of the Court was delivered by

GIBSON, C. J.—This writ of error is a pregnant instance of the extravagant results which are sometimes expected from judicial exposition. It seems to be thought the business of the judges to make every statute conform to their notions of justice, convenience or policy, by moulding it to their fancy without regard to the precise and peremptory expression of the legislative will. Such, however, is not the province of the judge. It is his duty to get over inadvertent expressions which manifestly conflict with the general design, in order to avoid a mischief that was obviously not intended to be introduced; but the judiciary possesses none of the plastic power of the legislature; its business is to execute the laws, not to make them. How, then, can the Act of 1836 be prevented, by any sound interpretation, from embracing the case before us? It extends to all actions instituted by writ, for a duty founded on contract, except actions and writs of *scire facias* on judgments or mortgages; and it will scarce be thought that the present is not an action within the purview, or that it is a *scire facias* on a judgment or a mortgage. But it is a process to have execution of a recognizance, which is in the nature of a judgment, and a debt of record at the common law; and it is against one who has caused the plaintiff to be already delayed: why, then, it may be asked, should not the bail be placed in the same circumstances as the original defendant? Simply because the legislature has not so ordered it. The process is a writ founded on a contract; and it is not one of the exceptions, because a recognizance of bail is not a judgment either in a popular or a technical sense. The argument that the creditor might be indefinitely delayed by consecutive stays of execution, is entitled to but one answer: the contingency is scarce within the range of possibility. Nor, in point of reason, does the bail stand in the place of a defendant who has already had his indulgence. He engages that another, with whom he has had no connexion in the course of the action, and with whom he has no present connexion but what results from the relation of principal and bail, shall do one of two specific acts; and his engagement has all the freshness of an original one. Why, therefore, should it not have its incidents? He expressly waives none of them; and there is no reason to suppose he does so implicitly. It is not his act, but the act of the law, that is to delay the creditor; for the law which sanctions it, as the defendant's privilege, makes the act its own: and as he deprives the plaintiff of no legal advantage, he is not supposed to relinquish any. He stands in the peculiar attitude of a surety against whom there is to be no equitable interpretation, because, having contracted gratuitously, he is supposed to have contracted only on the conditions

IV. — 40          2 B

[Wolfe v. Nesbit.]

expressly stated; and here there was no condition that he should waive any incidental advantage. I take it, therefore, that the defendant was entitled to a stay of execution by the spirit, as well as the letter of the Act.

Judgment affirmed.